80 U.S. 3
 20 L.Ed. 556
 13 Wall. 3
 NORWICH TRANSPORTATION COMPANY
v.
FLINT.
 December Term, 1871
 
 ERROR to the Circuit Court for the District of Connecticut.
 Flint brought an action on the case in the court below against the Norwich and New York Transportation Company, to recover damages for an injury received by him in June, 1864, while a passenger on their steamboat, running from New London to New York. The plaintiff, with other passengers from Boston, went on board of the boat at New London about eleven o'clock in the evening. A detachment of United States soldiers—sixty, perhaps, in number—were on board, and were behaving in a disorderly and riotous manner, having overpowered their sentinels and rushed to the after-deck set apart for passengers. A portion of the detachment, which had been assigned as a guard over the rest, were armed, and in the melee a musket was thrown upon the deck and discharged, and the bell entered the plaintiff's foot, injuring him severely. His action was based on a charge of negligence on the part of the defendants in not providing against and quelling the disturbance. At the trial of the cause, after considerable evidence had been adduced tending to show the transactions which occurred on the boat at the time of the injury, the plaintiff offered in evidence the testimony of certain passengers, who testified that after they had gone down to the dining saloon, and were at the table, a man in military uniform, whom they supposed from the stripes on his arm to be a sergeant, came into the saloon and saluted an officer in uniform, whom they supposed to be a lieutenant, and who was sitting at the table with another officer, whom, from his uniform, they supposed to belong to the navy, and said to him, 'There is a row on deck, and I cannot suppress it;' that the officer addressed replied, 'Mind your orders;' that the sergeant said, 'I am afraid some one will be hurt;' that the officer replied, 'You have your orders mind your orders;' that the sergeant then retired, and, after a few minutes, came down again into the saloon hurriedly, very soon after the report of a gun had been heard, and said to the officer, 'For God's sake, come up; a man has been shot!' This testimony was offered for the purpose of proving the condition of offairs on the deck, the extent and character of the disturbance, the condition and situation of the officers and soldiers on board, and the manner in which they discharged their duty prior to and at the time when the plaintiff received his injury, the time the disturbance continued, and the failure of the officers of the soldiers to repress the disorder, it being admitted that no other persons on board were directly charged with the care of preserving order among them.
 The defendant objected to the testimony thus offered, but the court received it. As appeared from its opinion, which had been printed for the use of this court, the court below regarded the evidence admissible: 'as indicating, first, the relation of the sergeant to his officer—not as a mere declaration, but as an act of subordination; second, as showing the alarm and fright of the sergeant and a state of mind indicating need of assistance; and, finally, because the whole transaction was a part of the res gestae, in such sense that the jury might properly be permitted to hear it.' The connection of the whole testimony with the circumstances of the case, gave it, in the opinion of that court, 'credit and significance, not as the isolated act or statement of the sergeant, but as a narrative of occurrences in their connection with the principal events, receiving significance and inviting belief.'
 The jury having found $10,000 for the plaintiff, and judgment being given accordingly, the transportation company brought the case here; the admission of the evidence being the only error relied on.
 
 Mr. J. Halsey, for the plaintiff in error:
 
 The evidence was inadmissible for the purpose of proving the state of affairs on deck prior to and at the time the plaintiff received his injury; because,
 1. As evidence of the truth of the words spoken, it was mere hearsay.
 2. It was not spoken in the presence and hearing of any officer of the boat. It was res inter alios acta.
 3. It was not addressed to any agent or officer of the defendants.
 4. It was no part of the res gestae.
 5. The declarations were not admissible as part of the transaction. What is the transaction but a description of the person who said the words, and the person to whom they were addressed? The transaction in and of itself was nothing. Declarations of this sort having been allowed to go to the jury, and counsel to comment upon them as evidence of the condition of affairs on deck, the jury regarded it in the same way that it would have done the sworn evidence of an eye-witness; which certainly it was not.
 Mr. R. H. Dana, contra.
 Mr. Justice BRADLEY delivered the opinion of the court.
 
 
 1
 It is hardly necessary for us to enter into a lengthy discussion on the admissibility of the testimony in question. The opinion of the Circuit Court, which has been laid before us, is sufficiently full on the subject, and need not be repeated. We have no hesitation in regarding the incident testified to as part of the res gestae, and as entirely competent for the purposes for which it was offered. The statements of the sergeant were not offered in evidence for the purpose of proving the facts stated by him, but the whole incident (including those statements) was adduced in evidence for the purpose of showing the manner in which the officers attended to their duty whilst the disturbance was going on, the fact that notice of its progress was communicated, the time that it continued, and the degree of alarm it was calculated to excite in such a person as the sergeant appeared to be. These were substantially the purposes for which the evidence was professedly offered, and for these purposes, as part of the res gestae, it was clearly competent.
 
 
 2
 JUDGMENT AFFIRMED.