If the absolute legal right of the intestate to be upon the track of the defendant at the place of the injury was a material question in the case, it may have been error in the court to have submitted to the jury to find whether such right existed under the deed from Cushman and Norton to Paine and Buell. But we are of opinion that the question was quite immaterial to the determination of the controversy. It is undisputed that the owners of lots abutting on the railroad at this point had a right of way across the defendant's tracks, and that for more than thirty years the public were in the habit of crossing the tracks at this point to reach Madison and other streets lying northerly and easterly of the railroad, the proof being that several hundred people crossed there every day. There can be no doubt that the acquiescence of the defendant for so long a time, in the crossing of the tracks by pedestrians, amounted to a license and permission, by the defendant, to all persons to cross the tracks at this point. These circumstances imposed a duty upon the defendant in respect of persons using the crossing, to exercise reasonable care in the movement of its trains. The company had a lawful right to use the tracks for its business, and could have withdrawn its permission to the public to use its premises as a public way, assuming that no public right therein existed; but so long as it permitted the public use, it was chargeable with knowledge of the danger to human life from operating its trains at that point, and was bound to such reasonable precaution in their management as ordinary prudence dictated to protect wayfarers from injury. It is doubtless true that the owner of the premises owes no duty to keep them in such condition that an intruder, or a person casually thereon by sufferance, shall not be injured. The quarry case (Hownsell v. Smyth, 97 Eng. Com. Law, 731) is an apt illustration. There the plaintiff in crossing the defendant's waste land, which the public had been allowed to cross, fell into an unguarded excavation, and the court held that the plaintiff had no cause of action, because the defendant was under no legal duty to fence or otherwise guard the excavation for his protection. The plaintiff there availed himself of the license *Page 293 
to use the premises in their existing condition, and accepted it with its attendant perils. The defendant did no affirmative act at the time by which existing conditions were changed and new perils created.
In the case of the movement of a train of cars over a track at a place which the public are permitted to use as a crossing the company are necessarily apprised that it is attended with danger to life. The company is an actor at the time in creating the circumstances which imperil human life, and it would be alarming doctrine that it was under no duty to exercise any care in the movement of its trains. The cases of Nicholson v. Erie Ry.Co. (41 N.Y. 525), and of Sutton v. N.Y.C. H.R.R.R. Co. (66 id. 243), do not sustain the defendant's contention. In neither of these cases was the movement of the cars the direct act of the party sought to be charged, but resulted from causes which could not reasonably or naturally have been anticipated. There was in fact no negligence shown on the part of the defendants. The court in these cases properly held that the circumstances did not create any duty toward the party injured, or tend to establish any culpable negligence.
The ground of liability in this case is negligence, and the duty of the defendant to exercise reasonable care, existed irrespective of the fact whether the plaintiff's intestate had a fixed legal right to cross the track, or was there simply by the defendant's implied permission. The construction of the deed was not material in determining the question of reasonable care. The circumstances known to the defendant required this, whether the plaintiff's intestate was there by right or by a mere license. The judge, upon the defendant's request, charged that if the intestate was on the track by mere license of the defendant, and having no other right, the plaintiff could not recover. The learned judge in making this charge followed what he understood to be the ruling of the General Term on the first appeal, and the charge was, we think, for the reasons stated erroneous. But the error was in favor of the defendant, and the jury having found that the defendant was guilty of negligence in the management of the train which caused the *Page 294 
intestate's death, this finding, if justified (in the absence of contributory negligence), sustains the action.
It is claimed that there was no evidence to justify the submission to the jury of the question of the defendant's negligence. The court could not, we think, have properly taken this question from the jury. The train consisted of an engine and two passenger cars. It was, as the evidence on the part of the plaintiff tends to show, backing up without a bell being rung, or other signal being given, in charge of a brakeman who was at the time on the platform between the two cars, and where he could not see persons on the track, or have notice so as to apply the brake in case of danger. Moving a train in this way in a populous locality where persons were at all times crossing the track, might very well be found by a jury to be culpable negligence.
The point of contributory negligence is also relied upon. The intestate was a boy ten years of age. There is no direct proof what precautions he took before crossing the track, but the general situation was that he was in a position before crossing to have seen, in his line of vision, without any material change of position, the train which ran over him, going southerly on the track of the Union railroad, away from him toward Albany. At the same time there was a freight train also going southerly on the Union railroad track, in rear of the other, which a flagman standing near the point of the accident was flagging, paying no attention to the first train. The bell on the freight train was also ringing. We think it was competent for the jury to have inferred that the boy seeing the first train going south, supposed it was going to Albany, not understanding that it was intending to go only so far south as the switch on Monroe street, and then to back north toward Madison street, and that his attention was attracted by the freight train and the flagman, and that he did not observe that the first train had changed its direction and was backing up on the track which he attempted to cross. The law, as was said in McGovern v. N.Y.C. H.R.R.R.Co. (67 N.Y. 417), is not so unreasonable as to expect or require the same maturity *Page 295 
of judgment, or the same degree of care and circumspection in a child of tender years as in an adult, and in the case of a child, where the circumstances would justify the inference that he was misled or confused in respect to the actual situation, and that his conduct was not unreasonable under the circumstances and in view of his age, then the question of contributory negligence is for the jury, and this although he may have omitted some precaution which in the case of an adult would be deemed strong, or even conclusive evidence of negligence.
The additional point is made that the court erred in refusing to charge as requested, that if the bell was rung the defendant was not bound to give any other warning. We think it cannot be held as matter of law, under the circumstances of this case, that the ringing of the bell fulfilled the whole duty resting on the defendant.
We find no error of law in the record, and the judgment should therefore be affirmed.
All concur, except RUGER, Ch. J., dissenting.
Judgment affirmed.