LEAVITT, Administratrix, etc., Respondent, vs. THE CHICAGO & NORTHWESTERN RAILWAY COMPANY, Appellant.

*September 25 — October 13, 1885.*

*Negligence — Court and jury.*

.Upon the evidence in this case it is *held* that the questions of the negligence of the defendant and the contributory negligence of the plaintiff's intestate, who was struck and killed by defendant's train at a highway crossing, were properly for the jury; and an order of the trial court setting aside a nonsuit previously granted, and directing a new trial, is affirmed.

APPEAL from the Circuit Court for *Walworth* County.

Action to recover damages on account of the death of the plaintiff's intestate, alleged to have been caused by the negligence of the defendant.

The evidence given on behalf of the plaintiff tended to establish the following facts: On the afternoon of November 26, 1882, the deceased was driving some cattle at a point where the defendant's track crosses the highway which runs east and west between sections 24 and 25 in the town of Clinton, Rock county. The railroad track at this point runs northwest and southeast. In some way the cattle got upon the defendant's right-of-way northwest of the crossing, and the deceased was driving them out by the cattle-guard upon the highway, when a wild freight train, running at a rapid .rate of speed, approached from the southeast. When this train passed the deceased was standing in a ditch which runs along between the railroad track and an embankment formed by the dirt thrown out from the ditch. He was at a point between the cattle-guard and the traveled track of the highway, and seems to have been endeavoring to keep the cattle off from the track and out of the way of the approaching train. As the locomotive passed him some part of it struck him in the back causing injuries which resulted in his death.

At the close of the plaintiff's evidence a nonsuit was granted. Afterwards upon the plaintiff's motion the nonsuit was set aside and a new trial granted. From the order setting aside the nonsuit and granting a new trial, the defendant appealed.

For the appellant there was a brief by *Jenkins, Winkler & Smith*, of counsel, and oral argument by *C. H. Van. Alstine*.

For the respondent there was a brief by *J. V. Quarles*, of counsel, and oral argument by *Mr. Quarles* and *Mr. T. W. Spence*.

COLE, C. J.  It is apparent that the learned circuit court was dissatisfied with his decision on the motion for a nonsuit. It is said the nonsuit was improperly set aside, because (1) no actionable negligence on the part of the servants of the defendant was proven on the trial; and (2) because the evidence showed that the deceased himself was guilty of negligence which contributed to the injury. In respect to these propositions, if we could say that there was not sufficient evidence to warrant a jury in finding that the servants of the defendant were guilty of negligence in the management of the train, or in any other matter, or that the evidence of carelessness on the part of the deceased was so clear and free from doubt as to justify us in deciding, as a matter of law, that he was guilty of contributory negligence,— then it would follow that the nonsuit should stand. But if there were facts and circumstances appearing in the evidence which fairly tended to show negligence on the part of the defendant, and to rebut any inference of carelessness on the part of the deceased, then both questions should be left to a jury. It has often been said, by this and other courts, that the question whether a party in a given case is chargeable with negligence is ordinarily one for a jury to decide, under proper instructions from the

court as to what constitutes negligence. In a clear case, where the facts are undisputed or free from doubt, where only one conclusion can fairly be reached upon the evidence, the court may decide, as a matter of law, that negligence has or has not been established. " When the question arises upon a state of facts on which reasonable men may fairly arrive at different conclusions, the fact of negligence cannot be determined until one or the other of those conclusions has been drawn by a jury. The inferences to be drawn from the evidence must either be certain and incontrovertible, or they cannot be decided upon by the court. Negligence cannot be conclusively established by a state of facts upon which fair-minded men may well differ." COOLEY, C. J., in *Detroit & M. R. Co. v. Van Steinburg*, 17 Mich. 123.

As there must be a new trial in this case it would be improper for us to indicate more distinctly our views as to what facts the evidence tended to establish. We can only say it was not a case where the court should decide, as a matter of law, whether the deceased was guilty of negligence when he was struck by the train, or whether the defendant had not been guilty of negligence in failing to keep its cattle-guard in suitable condition, or in the management of its train when the accident happened.

In his opinion, setting aside the nonsuit, the learned circuit judge stated that his attention on the motion was directed solely to the question as to whether the deceased was justified in pursuing the course he did simply to save the cattle from injury, and he thought the effort to save property from destruction did not justify a reckless and negligent exposure of life. But the learned judge added that it was the duty of the deceased to make reasonable endeavors to save human life on the train, and that it was a proper question for the jury to determine whether, in attempting to discharge this manifest duty, the deceased was exercising due and proper care under the circumstances.

It seems to us that the care exercised by the deceased at the time of the injury, as well as the negligence of the defendant, were questions for the jury upon all the evidence. That being so, the order setting aside the nonsuit was correct, and must be affirmed.

*By the Court.*— It is so ordered.