By the Court.—Ingraham, J.
This action was brought to recover the damages sustained by the plaintiff in consequence of a railroad accident in the state of New Jersey. There was no evidence of any law of that state requiring railroad corporations to give any signals when crossing highways. The question of negligence must therefore be determined by the duty that the common law requires of such corporations.
Plaintiff was in charge of an infant on the back seat of a wagon. The wagon was driven by Mrs. Brown, her employer, and there were two other persons in the carriage ; one on the seat occupied by Mrs. Brown, and one on the seat occupied by the plaintiff.
The highway upon which the carriage was driving approached the railroad track from the east by a considerable ascent. In the last one hundred feet of the road before reaching the track it rises about eight feet. The railroad at the crossing was composed of three tracks; two of the tracks were used for the passage of trains, and the third track, being the easterly of the three, was a side track upon which, at the time of the accident, twenty empty freight cars of the defendant’s road were placed.
Mrs. Brown the driver of the carriage testified that as she approached the track she looked both ways and *267 listened for an approaching train; that she could see no train and could hear nothing; that she then drove on and did not see the train until the horse was upon the track. She then urged the horse forward. The engine struck the carriage, severely injuring the plaintiff.
The nearest empty car was about eighty-five feet from the crossing. The plaintiff testified that there was no talking in the carriage at the time. She did not hear or see the engine until they were on the track, when some one .exclaimed, “ Here comes a locomotive.” She then looked up; saw the freight cars and the i: engine was right on us.”
The evidence of others who saw the accident was to the effect that they saw the engine coming and heard the bell ring.
The engineer testified that the bell was rung for some time before they reached the crossing, but that he did not see, or could not see the carriage until it appeared on the track, and he was beyond the empty freight cars. The grade of the railroad track prior to reaching the crossing was a down grade, and the train was run by gravity.
The trial judge held that the warning that was given was under the circumstances sufficient, and the defendant was absolved from negligence.
The liability of railroad companies for accidents of this description has been much discussed in this state. In most of the cases, however, there was evidence that the warnings required by the statute were not given.
The general rules regulating such liability, however, are well settled. In Beisiegel v. The N. Y. Central R. R. Co., 40 N. Y. p. 13, there were five tracks at the crossing, and upon two of the tracks empty box cars were standing. Grover, J., in delivering the opinion of the court said: “ The judge was right in refusing to charge that if they (the jury) found that the bell upon the engine was ringing as required by the statute there was no proof of defendant’s negligence. This ignored *268 the question whether it was negligence to have the box cars standing where they were.” And James, J., says at page 25, “ The common law imposes upon railroad corporations when running their engines and trains over crossings, the exercise of reasonable care and diligence, to prevent injury therefrom to travelers on the road. Cases may arise where the corporation will not be exonerated from liability by the mere compliance with the statutory requirements. These requirements are merely cumulative, and companies are bound to use such other reasonable care and precaution as the circumstances of each case may require. And this question of reasonable precaution is always a question for the jury; and the fitness of any particular expediency suggested must depend upon the particular circumstances and exigency of each particular case.”
In Weber v. The N. Y. C. & H. R. R. R. Co., 58 N. Y. 458, Allen, J. in delivering the opinion of the court said, “ It is not enough in all cases to absolve a railroad company from the charge of negligence that the statutory signals are given. The circumstances may be such as to require other precautions in the running of trains, or in the use or occupation of the tracks. There may be negligence which will charge the company, other than the bare omission to sound the whistle or ringing the bell;” andón page 459 he says, “ a railroad company must so operate its trains and use and occupy its railroad in the enjoyment of the right of way which it has in common with an ordinary traveler, as not to injure others in the exercise of their right of way provided that the latter, are not guilty of any want of care on their part.” And in Dyer v. Erie R. R. Co., 71 N. Y 230, Miller, J. says, “ there can be no serious question that an obligation devolves upon railroad corporations to warn persons who may be passing, whether on foot or in a team, of the approach of trains, so that such persons may use the necessary caution to avoid the danger and keep out of the way of the train.” See also Barry v. *269 N. Y. C., & H. R. R. Co., 92 N. Y. 289; Finkelstein v. N. Y. C., & H. R. R. Co., 2 N. Y. State Rep. 680.
The question therefore is whether, under the circumstances in this case, where there was evidence tending to show that in consequence of the use by the defendant of its road, the plaintiff could not see the approaching train from the highway and could not hear the warning given, the defendant is absolved from liability on its appearing that the bell was rung; or in other words, was the ringing of the bell so clearly a performance of the obligation of the defendant to warn persons passing along the road, that a verdict of the jury that the defendant was guilty of negligence in the performance of that obligation would not be sustained.
The highway was below the level of the track. The freight cars were placed in such a position that they were between the approaching train and the carriage. The engineer could not see the carriage until it had passed the empty cars and was upon the track. The driver listened and looked for the train but could not see or hear it. Under such circumstances the court can not say as a question of law that the defendant was not negligent ; but it was for the jury to say whether taking into consideration the position of the track, the highway and the cars on the side track, the defendant was negligent in the use and management of its railway.
The law does not require that any particular signal shall be given so long as the obligation to warn persons who may be passing of the approach of the train is performed in a reasonable manner; but'if that obligation to warn persons approaching is not performed,, or if the corporation is negligent in the performance of that duty, there can be no doubt as to its liability, and in this case under the circumstances that question was for the jury.
The fact that other persons in a different position could hear the bell and see the train is not conclusive. The duty was to warn persons approaching on the highway, and the fact that a person there listened and looked *270 and was unable .to hear or see the train, is some evidence at least that the necessary warning was not given.
We are also of the opinion that it did not appear as a matter of law that plaintiff was guilty of contributory negligence. Under the case of Dyer v. Erie R. R. Co. (supra) the negligence of the driver of the carriage could not be imputed to the plaintiff. Plaintiff was on the back seat of the carriage taking care of a child, and it cannot be said under the circumstances that she was so clearly guilty of a want of care as would justify the court in holding as a matter of law that her negligence contributed to the injury. Nor does it appear that any act of hers would have avoided the accident. Those in the carriage who did look and listen did not see or hear the train.
On the whole case we think there was evidence which required that the questions of the negligence of the defendant and the plaintiff’s negligence should have been left to the jury. The judgment must therefore be reversed and a new trial ordered with costs to abide the event.