Barnard, P. J.
This action was not well supported by the evidence and the nonsuit was proper.
The defendant’s cars, on a trip from Bay Ridge to Coney ■ Island, at about six o’clock in the afternoon, ran over and killed the plaintiff’s intestate.
The deceased was walking on the track of the railroad at a- place where there was no right of crossing or travel. The railroad track was in fact much used by persons on foot and the defendant owed a duty to them. Barry v. H. R. R. Co., 92 N. Y., 289.
The defendant was bound to exercise reasonable care, irrespective of the fact whether the deceased had a fixed right to be on the track.
The deceased took the risk of walking on the track in view of the peril attending it.
The defendant was not proven guilty of negligence and there was no sufficient proof thereof to carry the case to the jury. The engineer saw the deceased some four hundred feet ahead at the time of the accident upon turning the corner of Manhattan bridge. He gave the signal of alarm by the locomotive whistle.
The proof to the contrary is so overpowered that even a verdict of a jury could not stand which should be based upon it.
The deceased kept leisurely walking on, paying no attention to the signal, or to the approaching train.
The engineer assumed that the deceased would step upon the other track as it was a double track railway at this, point. When the deceased kept upon the track the engineer stopped the train as soon as he. could, but failed to do so in time.
Unless a railroad corporation is bound to stop its trams *399 whenever there is a person walking upon its tracks ahead of its trains, there is no proof of negligence.
The deceased was guilty of contributory negligence. He had no legal right to be upon the track, and while others commonly used the track as a pathway, he and they owed the utmost vigilance for their protection in view of the danger.
Assuming that the train made no effort to stop, the deceased walked on a track where the engine and cars approached him from behind.
There was no other train to distract his attention and no obstruction to his view, or to his hearing the approach of the train.
It must be said that he was extremely negligent, even reckless.
The judgment should, therefore, be affirmed, with costs..
Dykmah and Pratt, JJ., concur.