Williams, J.
—We think the court, on the trial, was in error in holding there was no evidence upon which the jury might charge the defendant with negligence in running the train that caused the intestate’s death. While the place where the intestate attempted to cross was not a public highway, it was a place where for many years before the accident the public had been accustomed to cross this track on foot, without objection on the part of the defendant; and while the duty which the defendant owed to the intestate at the time of the accident may not have been precisely the duty it owed to a person crossing its tracks along the highway, still it owed the intestate the duty of ordinary care and prudence, in the running of its train, to protect him from injury.
This doctrine is well settled and cannot be doubted, since the decision of Barry v. R. R. Co. (92 N. Y., 289) and Byrne v. R. R. Co. (104 N. Y., 362; 5 N. Y. State Rep., 722). In the former case Andrews, J., lays down the law in the following language: “There can be no doubt that the acquiescence of the defendant for a long time, in the crossing of its tracks by pedestrians, amounted to a license and permission by the defendant, to all persons, to cross its tracks at this point. These circumstances imposed a duty upon the defendant, in respect of persons using this *834 crossing, to exercise reasonable care in the movement of its trains.”
In the latter case Earl, J., lays doAvn the law, in substance, as follows: “There was evidence tending to show the place where the plaintiff was injured was extensively and notoriously used by the public, without objection on the part of the defendant, for crossing its tracks, and the trial judge charged the jury, under these circumstances, the defendant, in approaching this crossing, was bound to give some reasonable and proper warning of its approach to those having occasion to cross there at the time. The law, as thus laid down, was fully warranted by the Barry Case, which we think is in entire harmony with previous decisions.”
There was evidence upon which the jury might have determined, the defendant, at the time this accident occurred, did not use such reasonable, ordinary proper care as the law required of it. While it was not bound to perform the duty required by statute when approaching a public highway, of ringing a bell or sounding a whistle, because the statute relates only to public highways; while it was. not bound absolutely, as a matter of law, to give such a signal, it was withiipthe province of the jury to determine it was under the circumstances of this case negligence not to have given such a signal. Barry v. R. R. Co. and Byrne v. R. R. Co., above.
There were other grounds of negligence suggested, and upon some or all of these it was the province of the jury, rather than the court to determine whether the defendant, failed to use such care as the law required of it under the-circumstances of this case. We are of opinion, however, that the non-suit was properly granted, upon the ground of contributory negligence.
It is well settled that the absence of contributory negligence, is an element of plaintiffs’ cause of action, and a, part of his case, and he has the burden of showing he or his intestate was guilty of no negligence contributing to produce the injury or death. Hale v. Smith, 78 N. Y., 483, and cases there cited. No particular kind or species of evidence is required to establish the absence of contributory negligence. It is enough, if from all the evidence, given by both parties, the inference can be fairly and justly drawn that there was absence of such contributory negligence. Hart v. Hudson River Bridge Co., 80 N. Y, 622. The-general rule as to what constitutes the absence of contributory negligence is, that the person injured or killed should have exercised such care and caution in crossing the track under all the circumstances of the case, as an ordinarily careful and prudent person would have used. If he used *835 such care then he was free from contributory negligence; if he failed to use such care then he was guilty of contributory negligence. Kellogg v. Railroad Co., 79 N. Y., 76; Stackus v. Railroad Co., 79 id., 466. As between the traveler along a highway, and a railroad train, the train has the right of way, and it is the duty of the traveler, if he knows of the approach of the train, to keep off the track until the train passes, and if, with a knowledge the train is approaching, he attempts to cross in front of the train he takes the chances of crossing safely, and if in that event he miscalculates, and fails to cross in safety, he is guilty of contributory negligence, and cannot recover for the injuries sustained. Warner v. Railroad Co., 44 N. Y., 466. It is the duty of the traveler along the highway, as he approaches the track, and before attempting to cross, to look both ways and to listen for the approach of a train, and if he fails to so use his eyes and ears, and goes upon the track, and is struck by a passing train, he is guilty of contributory negligence, and cannot recover for his injuries sustained. Stackus v. Railroad Co., 79 N. Y., 464. And if by a reasonable, ordinary use of his faculties he can see or hear the train before going upon the track, and thus escape injury, he is bound to knowledge or notice of the approach of the train, and if then he goes upon the track, and is struck by the train and injured, he is guilty of contributory negligence, and cannot recover for his injuries received. He is not bound absolutely to see or hear an approaching train, but he is bound to look and listen, and if by the exercise of such care in looking and Estening, as an ordinarily careful and prudent person would use, he can discover the approaching train, then he is bound to see or hear it, and his failure to see or hear it is contributory negligence, which prevents a recovery for his injuries. Greany v. Long Island R. R. Co., 101 N. Y., 419, quoting from Shaw v. Jewett, 86 id., 616.
These are principles apphcable to a case where the person injured is a traveler along a pubHc highway, and certainly as great care should be required of a person crossing the track upon the land of a railroad company as shown in this case.
Whether in this case the intestate made a proper use of his ears, with a view to learning whether a train was approaching before he went upon the track, we may assume was fairly a question for the jury. The locahty was not free from other sounds and noises, so that it can be said as a matter of law that he should have heard this train. There were other moving or standing engines and trains, and the usual noises incident thereto, which may have prevented his hearing this train, though he listened and used *836 proper care in so doing. But as to the use of his eyesight, we are unable to perceive how the evidence relieved him from the charge of contributory negligence. Before he stepped upon the track to cross over, he had only to look along the track to the west and he would readily and easily have seen this train coming towards him. His view was unobstructed for at least a thousand feet, and the train must have been within this distance, and, therefore, in full view before he stepped upon the track, and all he had to do was to look and see the train, and wait until it passed, before he attempted to cross over. He apparently aid not look at all before he went upon the track. If he did not, he was negligent. If he did look, he must have seen the train, and was then negligent in going upon the track. Wilcox v. S. R. R. Co., 39 N. Y., 358.
No doubt would arise as to this case except for two decisions lately reported in the court of appeals. Greany v. R. R. Co., 101 N. Y., 424, and Sherry v. R. R. Co., 104 id., 652; 5 N. Y. State Rep., 574.
Those cases are, however, clearly distinguishable from, and are not decisive of, the case we are here considering.
In the Greany Case there were circumstances affecting the opportunity to see, and the apparent necessity for looking in the direction the train came from, which, the court considered, took the case out of the general rule and made it a question for the jury.
In the Sherry Case there was the element that the person injured was when she saw or could have seen the train between the several tracks of the railroad company in a place of danger, and could not, therefore, be held to strict liability for the course she took in her efforts to escape from the apparent danger. These cases do not affect the general rule, but are merely exceptional cases, and decided upon the peculiar facts and circumstances surrounding the persons injured in the respective cases. We are unable to see how this case is to be regarded as an exception to the general rule, that a person must, before he attempts to cross a railroad track, look to see whether a train is approaching. The plaintiff’s intestate seems to have attempted to cross the track without looking for any train at . all. He must have been absorbed in his own thoughts of business in which he was at the time engaged, and have had no thought about any train, until when quite near him, the engine gave a sharp whistle, calling his attention to the train approaching too late, however, to enable him to escape injury and death. In such a case the railroad company, though itself guilty of negligence, cannot be called upon by the injured party or his personal representatives to respond in damages for the injuries or death. *837 There was clearly contributory negligence of the person injured and killed. The motion for a nomsuit was, therefore, properly granted, and this motion for a new trial should be denied, with costs. The defendant was and is entitled to judgment dismissing plaintiff’s complaint, with costs.
Landon, J., concurs; Learned, P. J. not sitting.