### MENEO v. CENTRAL R. CO. OF NEW JERSEY.

(Supreme Court, Appellate Term. November 6, 1903.)

1. RAILROADS—INJURIES TO LICENSEES—ACTIVE NEGLIGENCE.
   A licensee on the tracks of a railroad may recover for a personal injury caused by an act of commission or active negligence on the part of the railroad's servants.

2. SAME—ACTIONS FOR INJURIES—EVIDENCE—SUFFICIENCY.
   In an action for personal injuries by a licensee against a railroad, evidence from which the jury could find that the car which struck plaintiff while he was crossing defendant's track was suddenly and swiftly kicked back, pursuant to a signal given by a yardmaster at the time he saw plaintiff and others in the act of crossing, supports a verdict for plaintiff on the theory of active negligence.

Appeal from City Court of New York.

Action by Salvatore Meneo against the Central Railroad Company of New Jersey. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J.; and BISCHOFF and BLANCHARD, JJ.

De Forest Bros. (Robert Thorne, of counsel), for appellant.
John Palmieri, for respondent.

FREEDMAN, P. J. The plaintiff was employed by the Taylor Dredging Company, which was working on the premises of the defendant in the execution of a contract made with the defendant. There was no other way for plaintiff to reach his place of employment, except by crossing the tracks of the defendant, and the plaintiff and his fellow employés had for a considerable time crossed said tracks at a given point every morning and evening on their way·to and from work, with the knowledge and acquiescence of the de-

¶ 1. See Railroads, vol. 41, Cent. Dig. § 1236.

fendant. According to the facts as they must be deemed to have been found by the jury, the path over which these men crossed defendant's freightyard was a narrow one, that as a result they passed in single file, and that there was a person stationed on it, with a lantern, who would indicate when said men could pass and when they should stop. On the night of the accident the plaintiff and three fellow workmen proceeded over this path on their way home from work. When they got to the place where the man was stationed with the lantern, the lantern was swung, and they were told to come on. At that time the plaintiff looked up and down, and no trains were moving. The first two men got across in safety, and, as the plaintiff was walking across, a train that had been standing still suddenly began to back down on the plaintiff without previous warning, threw him down, and severely injured him. Assuming that, under all the circumstances, the right of passage of the plaintiff was that of a licensee only, and that no action lies in favor of such a licensee for an act of omission or passive negligence, it is nevertheless well settled that an action for personal injury may be maintained, founded upon an act of commission or active negligence. Barry v. N. Y. C. & H. R. R. Co., 92 N. Y. 289, 44 Am. Rep. 377; Byrne v. N. Y. C. & H. R. R Co., 104 N. Y. 362, 10 N. E. 539, 58 Am. Rep. 512; Swift v. The Staten Island R. Co., 123 N. Y. 645, 25 N. E. 378. In the case at bar there was evidence upon which the jury could find that the car which struck the plaintiff was suddenly and swiftly kicked back pursuant to a signal given by the yardmaster at the time he saw the men in the act of crossing, and that this was active negligence. The case was properly submitted, and the case discloses no reversible error.

The judgment and order should be affirmed, with costs. All concur.