NELLIE LAMPHEAR, as Administratrix of the Estate of SILAS
A. LAMPHEAR, Deceased, Respondent, *v.* THE NEW YORK
CENTRAL AND HUDSON RIVER RAILROAD COMPANY,
Appellant.

**Railroad crossing — liability of railroad company — negligence.**

Where the public has been accustomed for a series of years to cross rail-
road tracks at a certain point which was not a public crossing, with the
consent of a railroad company, the company is bound to use reasonable
care to protect from injury persons whom it so permits to cross.

Plaintiff's decedent was killed by a train while attempting to cross the
tracks at the point where there was neither street nor highway, but
only a footpath leading from one side to the other through openings in
the railroad fences. *Held,* that the case was properly submitted to the
jury to determine whether defendant's servants exercised reasonable
care in giving warning of the approaching train.

Also *held,* that the court properly refused to charge the jury that the
person crossing had no license to walk upon the tracks; that he took
the risks incident thereto, and of the dangers to which he might be
exposed, and that no other duty rested upon the company, except not
to intentionally or wantonly injure him.

*Lamphear* v. *N. Y. C. & H. R. R. R. Co.,* 125 App. Div. 900, affirmed.

(Argued January 13, 1909; decided January 26, 1909.)

APPEAL from a judgment of the Appellate Division of the
Supreme Court in the fourth judicial department, entered
March 9, 1908, affirming a judgment in favor of plaintiff
entered upon a verdict and an order denying a motion for a
new trial.

This action was brought to recover for the death of plain-
tiff's intestate alleged to have been caused by defendant's
negligence.

The facts, so far as material, are stated in the opinion.

*L. B. Williams* for appellant.    The defendant was not
negligent in respect to any duty which it owed plaintiff's
intestate.    (*Keller* v. *E. R. R. Co.,* 183 N. Y. 67; *Rosenthal*
v. *N. Y., S. & W. R. R. Co.,* 112 App. Div. 431; *Nicholson*

v. *E. R. R. Co.*, 41 N. Y. 526; *Sutton* v. *N. Y. C. & H. R. R. R. Co.*, 66 N. Y. 243; *Le Duc* v. *N. Y. C. & H. R. R. R. Co.*, 92 App. Div. 107.) The exception to submitting to the jury the question as to whether defendant was negligent in failing to ring a bell or blow a whistle at this crossing presents error. (*Burke* v. *D. & H. C. Co.*, 86 Hun, 519; *Vandewater* v. *N. Y. C. & H. R. R. R. Co.*, 135 N. Y. 583.)

*James E. Newell* for respondent. The question of defendant's negligence was properly submitted to the jury. (*Feidowski* v. *D. & H. Co.*, 168 N. Y. 500.) The court did not err in refusing to charge that plaintiff's intestate had no license to walk upon the tracks of the defendant, unless the same were laid across or along a street or highway, nor in refusing to charge that if the plaintiff's intestate were crossing defendant's tracks on the path in question, he took the risks incident thereto, and of the dangers to which he might be exposed from the management of defendant's railroad in the usual and ordinary way; and that no other duty rested upon the defendant than not to intentionally or wantonly injure him. (*Barry* v. *N. Y. C. & H. R. R. R. Co.*, 92 N. Y. 289; *Byrne* v. *N. Y. C. & H. R. R. R. Co.*, 104 N. Y. 361; *Swift* v. *S. I. R. T. R. R. Co.*, 123 N. Y. 645; *McDermott* v. *N. Y. C. & H. R. R. R. Co.*, 28 Hun, 325; *Larkin* v. *N. Y. & N. R. R. Co.*, 46 N. Y. S. R. 658; *Driscoll* v. *N. & R. L. & C. Co.*, 37 N. Y. 638; *De Boer* v. *B. W. Co.*, 51 App. Div. 289; *Best* v. *N. Y. C. & H. R. R. R. Co.*, 117 App. Div. 139; *Wilson* v. *A. B. Co.*, 74 App. Div. 596; *Austin* v. *L. I. R. R. Co.*, 69 Hun, 67.)

Gray, J. The deceased was struck by a train and killed, while attempting to cross the defendant's railroad tracks at a point, where there was neither street, nor highway, but, only, a footpath leading from one side to the other, through openings in the railroad fences. It was sought, upon the trial, to bring the case within the rule laid down in *Keller* v. *Erie R.*

*R. Co.,* (183 N. Y. 67); where it was decided that whoever walks upon, or along, the tracks of a railroad, except when necessary to cross the same .upon some street, highway, or public place, violates the law and is like a trespasser, and that the company's servants are under no other obligation than to refrain from willfully, or recklessly, injuring him. In that case, section 53 of the Railroad Law, (Chap. 676, Laws of 1892), was held to be operative and to prohibit the use of a railroad track as a public way. It appeared that the public had been accustomed to make use of one of two intersecting railroad tracks, by walking upon it in order to reach and to cross the other, and, in that way, to make a short cut between streets. Such a practice, it was held, however long con tinued, could not create any right of user, by license, or by sufferance.

In the present case, there was evidence of the constant public use of the path for many years and the defendant's counsel conceded the fact. The record, also, shows that the defendant had, at some time, put up turnstiles. The trial judge instructed the jurors that " it seems to be conceded that for a long series of years the public, with the acquiescence and with the permission and consent of the railroad company, had been accustomed to cross the railroad tracks at the point where this accident happened." To this no exception was taken and when the instruction followed, that the defendant was bound to use reasonable care to protect the persons from injury, whom it so permitted to cross at that point, the court was within the rule in such cases. (*Barry* v. *N. Y. C. & H. R. R. R. Co.,* 92 N. Y. 289 ; *Byrne* v. *N. Y. C. & H. R. R. R. Co.,* 104 ib. 362.) In those cases there was, as in the present case, a conceded right of way, or public passageway. If the nature of this present path as a public passageway had been in dispute, a different question might be presented and the necessity of proper instructions to the jurors would be apparent. The question of whether the evidence justified a finding of a public passageway and of its submission to the jury was eliminated in this case and, only, that of the use by the

defendant's servants of reasonable care in giving suitable warning was left for determination. Requests, therefore, to charge the jury that the deceased had no license to walk upon the tracks, that he took the risks incident thereto and of the dangers to which he might be exposed and that no other duty rested upon the defendant than not to intentionally, or wantonly, injure him, were properly refused.

The trial judge left it to the jury to determine whether, on the conceded facts and the evidence upon the subject of showing a light, or of blowing a whistle, or of ringing a bell, the defendant had exercised reasonable care. We think that there was no error in the submission of the case.

No other question demands consideration and the judgment should be affirmed.

CULLEN, Ch. J., EDWARD T. BARTLETT, HAIGHT, VANN and WERNER, JJ., concur; HISCOCK, J., not voting.

Judgment affirmed, with costs.