JESSE J. WILD, Appellant, Respondent, *v.* ERIE RAILROAD COMPANY, Respondent, Appellant.

Appeal by the plaintiff from so much of an interlocutory judgment of the Supreme Court, entered in the New York county clerk's office on the 12th day of November, 1914, as overrules a demurrer to two defenses contained in the amended answer, and also an appeal by the defendant from so much of said judgment as denies defendant's motion to dismiss the complaint.

PER CURIAM: Upon the authority of *Barry* v. *N. Y. Cen. & Hudson River R. R. Co.* (92 N. Y. 289) and *Lamphear* v. *N. Y. Cen. & Hudson River R. R. Co.* (194 id. 172) (See, also, *Erie R. R. Co.* v. *Burke*, 214 Fed. Rep. 247), the judgment appealed from should be affirmed, without costs to either party, with leave to plaintiff to withdraw the demurrer upon payment of costs in the court below. Present — Ingraham, P. J., McLaughlin, Laughlin, Dowling and Hotchkiss, JJ. Ingraham, P. J., dissented on defendant's appeal upon the ground that the complaint alleges that plaintiff was not at a crossing, but was walking "along one of defendant's main tracks to a point to the westward of said Belmont avenue, in order to get to his home," and in this position the defendant owed him no duty of care, and upon the further ground that it appears from the complaint that the proximate cause of the accident was the plaintiff's catching his foot in the track, and not any negligence of the defendant in operating its road. Judgment affirmed, without costs to either party, with leave to plaintiff to withdraw demurrer on payment of costs in the court below.

JOHN D. RISHELL, Respondent, *v.* FRANK MEANY and THE MEANY PRINTING COMPANY, Appellants.

Appeal from an order of the Supreme Court, entered in the New York county clerk's office on the 2d day of November, 1914, denying a motion to make the amended complaint more definite and certain.

PER CURIAM: The order appealed from should be reversed, with ten dollars costs and disbursements, and motion granted to the extent of requiring the complaint to be made more definite and certain as to the date on which the plaintiff's assignors and the individual defendants made the agreement; and also the date when the plaintiff's assignors tendered performance and the date of the assignment to the plaintiff. Present — Ingraham, P. J., Clarke, Scott, Dowling and Hotchkiss, JJ. Order reversed, with ten dollars costs and disbursements, and motion granted to the extent stated in opinion. Order to be settled on notice.