The deceased was struck by a train and killed, while attempting to cross the defendant's railroad tracks at a point, where there was neither street, nor highway, but, only, a footpath leading from one side to the other, through openings in the railroad fences. It was sought, upon the trial, to bring the case within the rule laid down in Keller v. Erie R. *Page 174 R. Co., (183 N.Y. 67); where it was decided that whoever walks upon, or along, the tracks of a railroad, except when necessary to cross the same upon some street, highway, or public place, violates the law and is like a trespasser, and that the company's servants are under no other obligation than to refrain from willfully, or recklessly, injuring him. In that case, section 53
of the Railroad Law, (Chap. 676, Laws of 1892), was held to be operative and to prohibit the use of a railroad track as a public way. It appeared that the public had been accustomed to make use of one of two intersecting railroad tracks, by walking upon it in order to reach and to cross the other, and, in that way, to make a short cut between streets. Such a practice, it was held, however long continued, could not create any right of user, by license, or by sufferance.
In the present case, there was evidence of the constant public use of the path for many years and the defendant's counsel conceded the fact. The record, also, shows that the defendant had, at some time, put up turnstiles. The trial judge instructed the jurors that "it seems to be conceded that for a long series of years the public, with the acquiescence and with the permission and consent of the railroad company, had been accustomed to cross the railroad tracks at the point where this accident happened." To this no exception was taken and when the instruction followed, that the defendant was bound to use reasonable care to protect the persons from injury, whom it so permitted to cross at that point, the court was within the rule in such cases. (Barry v. N.Y.C. H.R.R.R. Co., 92 N.Y. 289;Byrne v. N.Y.C. H.R.R.R. Co., 104 ib. 362.) In those cases there was, as in the present case, a conceded right of way, or public passageway. If the nature of this present path as a public passageway had been in dispute, a different question might be presented and the necessity of proper instructions to the jurors would be apparent. The question of whether the evidence justified a finding of a public passageway and of its submission to the jury was eliminated in this case and, only, that of the use by the *Page 175 
defendant's servants of reasonable care in giving suitable warning was left for determination. Requests, therefore, to charge the jury that the deceased had no license to walk upon the tracks, that he took the risks incident thereto and of the dangers to which he might be exposed and that no other duty rested upon the defendant than not to intentionally, or wantonly, injure him, were properly refused.
The trial judge left it to the jury to determine whether, on the conceded facts and the evidence upon the subject of showing a light, or of blowing a whistle, or of ringing a bell, the defendant had exercised reasonable care. We think that there was no error in the submission of the case.
No other question demands consideration and the judgment should be affirmed.
CULLEN, Ch. J., EDWARD T. BARTLETT, HAIGHT, VANN and WERNER, JJ., concur; HISCOCK, J., not voting.
Judgment affirmed, with costs.