LEHTOHNER v. NEW YORK, N. H. & H. R. CO.

(Circuit Court of Appeals, Second Circuit. May 8, 1911.)

No. 278.

RAILROADS (§ 350*)—INJURY TO PERSONS ON TRACK—CONTRIBUTORY NEGLIGENCE.

> Where plaintiff's intestate was killed on a dark and foggy night, in front of a station on defendant's railroad, by an engine running without a headlight, and which sounded no whistle and rang no bell, the decedent having reached a point opposite the station by a path in constant daily use without objection by the railroad company, and where there was evidence tending to show that he was crossing the track to the station platform, and that he stopped and looked and listened, the question of his contributory negligence was one for the jury.
>
> [Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1166–1192; Dec. Dig. § 350.*]

In Error to the Circuit Court of the United States for the Southern District of New York.

Action at law by Eva Lehtohner, administratrix, against the New York, New Haven & Hartford Railroad Company. Judgment for defendant, and plaintiff brings error. Reversed.

The action was brought to recover damages for the death of plaintiff's intestate who was killed by a locomotive operated by defendant. The occurrence took place in front of or near West Farms station. At the close of the plaintiff's case verdict was directed by the court in favor of defendant.

T. J. O'Neill (L. F. Fish, of counsel), for plaintiff in error.

C. M. Sheafe, Jr. (C. M. Corwin, on the brief), for defendant in error.

Before LACOMBE, WARD and NOYES, Circuit Judges.

LACOMBE, Circuit Judge. The accident happened about half past 6 in the morning of December 21st. It was foggy and very dark. The locomotive, which was running without a headlight, sounded no whistle and rang no bell. The West Farms station, with its platform, was on the northerly side of the track. Whether or not there was a platform opposite to it on the southerly side is not entirely clear. To the station there was a public highway. There was no such approach from the south, but for years there had been a well-trodden pathway across private property from the subway station at 177th street to a point opposite or near the West Farms station. This pathway was in constant use by persons wishing to take New Haven Railroad trains at that station. Having reached the end of the pathway, they, of course, had to cross the track. It did not appear that any fence or barrier had been put up to keep persons from approaching the station from this direction, nor that any notice or warning not to use such approach had ever been posted.

---

The trial judge directed a verdict for the defendant, because of contributory negligence on the part of deceased, on the ground that at the time he was struck he was walking along on the railroad track, instead of walking along outside of the track, without any reason, but simply for his own convenience, manifestly a reckless thing to do at night.

The difficulty with sustaining this disposition of the case, however, is the testimony as it stands in the record. The witnesses were foreigners, unfamiliar with the use of English, and the interpreter who translated for some of them seems not to have known much more of it than they did. The photograph (Exhibit I) does not elucidate the testimony, because, although there are pencil marks and letters on it, there is no statement as to what such marks and letters represent. These witnesses were walking with deceased at the time, some before and some behind him, and their narratives leave us in some uncertainty on several points. Enough can be found in them to sustain the summary given in the last paragraph; but the jury might, on the other hand, have found from the proof that deceased, having reached a point opposite the station, possibly a station platform on the southerly side of the tracks, was undertaking to cross from one side to the other when he was struck. If that were so, we are unwilling to hold as matter of law that a person is guilty of such negligence as will bar his recovery for injuries caused by negligence of a railroad company, when the person injured reaches a platform opposite a station by a path in constant daily use without objection by the railroad, and then undertakes to cross from the one platform to the other, even at night, provided he takes the usual precautions of stopping, looking, and listening—of which there seems to have been some evidence in the case. Upon such a showing, the question whether or not he was negligent is one for the determination of the jury, after they have determined from the testimony precisely what the facts were as to the movements of the injured person.

The authority cited in appellee's brief (Keller v. Erie R. R., 183 N. Y. 67, 75 N. E. 965), might seem to require such a construction of the statute forbidding the use of railroad tracks by pedestrians (Laws of 1892, c. 676, § 53) as would prevent a recovery on either theory of what actually took place. But a later decision of the same court, which is not on either brief (Lamphear v. N. Y. C. & H. R. R. R., 194 N. Y. 172, 86 N. E. 1115), indicates that the Keller opinion was not intended to apply to usual and well-recognized crossings, where the pedestrian did not intrude upon a railroad track, except for the purpose of crossing it.

The judgment is reversed.