TOMOSS SKZYPEK, as Administrator, etc., of MARY SKZYPEK, Deceased, Appellant, *v.* LONG ISLAND RAILROAD COMPANY, Respondent.

Second Department, June 14, 1935.

*Arthur K. Wing* [*James G. Purdy* with him on the brief], for the appellant.

*Louis J. Carruthers* [*William McNamara* of counsel], for the respondent.

LAZANSKY, P. J.   The complaint should not have been dismissed. (*Lamphear* v. *N. Y. C. & H. R. R. R. Co.*, 194 N. Y. 172, where the facts are practically the same as those here presented.)   In that case it appears deceased was struck by a train and killed while attempting to cross defendant's tracks at a point where there was neither street nor highway, but only a footpath leading from one side to the other through openings in the fences.   There was evidence of a constant public use of the path for many years, and defendant's counsel conceded the fact.   It was also shown that defendant had, at some time, put up turnstiles.   It was conceded that for a long series of years the public, with the acquiescence, permission and consent of the railroad, had been accustomed to cross the railroad tracks at the point where the accident happened.   The trial court instructed the jury that under the circumstances defendant was bound to use reasonable care to protect the persons from injury whom it so permitted to cross at that point.   The court say: " If the nature of this present path as a public passageway had been in dispute, a different question might be presented and the necessity of proper instructions to the jurors would be apparent.   *  *  *   Requests, therefore, to charge the jury that the deceased had no license to walk upon the tracks, that he took the risks incident thereto and of the dangers to which he might be exposed and that no other duty rested upon the defendant than not to intentionally, or wantonly, injure him, were properly refused."

*Barry* v. *N. Y. C. & H. R. R. R. Co.* (92 N. Y. 289) and *Byrne* v. *N. Y. C. & H. R. R. R. Co.* (104 id. 362) were cited only to indicate the duty of a railroad to licensees on its tracks. The court considered section 53 of the Railroad Law (Laws of 1890, chap. 565, as amd. by Laws of 1892, chap. 676),* which, with a similar statute, section 1990 of the Penal Law (Laws of 1917, chap. 350), is here involved.

Under the later statutes the prohibition is against *walking upon or along railroad tracks, except where the· same shall be laid across or along streets or highways, in which case walking shall not be upon the tracks unless necessary to cross the same.*

The essence of the decision in the *Lamphear* case is that when a railroad company permits the public over a series of years to cross its railroad tracks from one side to the other at a place where there is not the usual street or highway, the railroad company in effect, as between it and the public, has created a public highway or passageway, and a person who crosses at such a point is within the exception of the statute; therefore, is not a trespasser, and is entitled to receive from the railroad company the exercise of a reasonable degree of care for his protection. (See memorandum by CULLEN, Ch. J., in *Keller* v. *Erie Railroad Co.*, 183 N. Y. 67, at p. 77.)

Giving to plaintiff the most favorable inferences to be drawn from the testimony, it has been proved here that a street ends at either side of defendant's right of way, which at one time had been inclosed by a wire fence. At these street ends the fences had been broken down ten years before the accident and so remained until that unfortunate incident. During that period, at that point, the public continuously crossed defendant's tracks to go from one side to the other. A path had been worn where they had crossed. From such open and notorious use it might be inferred by a jury that the defendant had acquiesced in and consented to the crossing by the public. Thus, as between the public and defendant, a public highway or passageway was created, and the act of deceased in crossing was within the exception of the act. Deceased was a licensee, and defendant owed her the duty of giving a reasonable warning that her pathway led across a death-dealing third rail. There was proof that there was an absence of reasonable warning.

*Keller* v. *Erie Railroad Co.* (183 N. Y. 67) and ̄*Gleason* v. *Central N. E. R. Co.* (261 id. 333) are not to the contrary. In neither

---

*Now Railroad Law (Laws of 1910, chap. 481), § 83.— [REP.

case does it appear that with the consent of the railroad company a public way had been created across the right of way from one side of an intersecting street to the other.

The judgment should be reversed on the law and a new trial granted, with costs to appellant to abide the event.

CARSWELL and JOHNSTON, JJ., concur; HAGARTY, J., with whom TOMPKINS, J., concurs, dissents and writes for affirmance.

HAGARTY, J. (dissenting). I dissent and vote to affirm.

Plaintiff's intestate, while crossing defendant railroad's right-of-way, was killed by coming in contact with the third rail, which was protected by a board covering. The complaint was dismissed at the close of the plaintiff's case. Plaintiff does not claim that there was a street crossing or public right-of-way at the point where his intestate met her death, but contends that a question of fact was presented as to whether or not, by reason of long usage by the public, the defendant had acquiesced in such crossing by pedestrians at the point, thus fixing the status of the deceased as that of a licensee.

But it is provided by section 83 of the Railroad Law that " No person other than those connected with or employed upon the railroad shall walk upon or along its track or tracks, except where the same shall be laid across or along streets or highways, in which case he shall not walk upon the track unless necessary to cross the same." Violation of such statute is a misdemeanor. (Penal Law, § 1990, subd. 4.) Plaintiff's intestate violated the statute, and defendant owed her no higher obligation than to refrain from willfully or recklessly injuring her. The defendant could not by contract, either express or implied, or by invitation or acquiescence, give to her any rights beyond those of a trespasser. Such was the holding in a long line of decisions, the most recent of which is *Gleason* v. *Central N. E. R. Co.* (261 N. Y. 333). There the plaintiff sought to recover for the death of his wife, who was struck by a locomotive and killed while walking along the defendant's tracks to her home on premises leased from the defendant railroad company, to which there was no access except along the tracks or over the land of strangers. There was evidence which justified the jury in finding that for some twelve years the plaintiff, an employee of the railroad company, and his wife and children had used a way along the tracks with the knowledge and without objection of the defendant. In holding that the wife was a trespasser as a matter of law under the earlier authorities, it was written: " The decisions rest on the rule that ' it was not within the power of the defendant

to permit or to suffer persons, not in its employment, to walk upon and along its tracks at a place where there was no highway and but an intersection of railroad tracks, and that no length of acquiescence in their doing so, under the circumstances of this case, could create a right of user, by license or by sufferance. This ought to be clear from section 53 of the Railroad Law (Laws of 1892, ch. 676), which was intended to protect the traveling public, as well as the railroad companies. * * * It is not easy, if at all possible, to see how any right, as by license, could be acquired through acquiescence to do something which was so clearly in violation of the statutory inhibition. An act expressly prohibited by the public statute is, in its inception and always must continue to be, unlawful. The defendant's powers and capacity to act are defined and controlled by statute law and, as a creature of statute, it could, neither expressly, nor passively, confer a right which the statute denies. Whoever walks upon, or along, the tracks of a railroad, except when necessary to cross the same upon some street, highway or public place, violates the law and is like a trespasser, and the company's servants are under no other obligation than to refrain from willfully or recklessly, injuring him.' (*Keller* v. *Erie R. R. Co.*, *supra*, pp. 71, 72 [183 N. Y. 67].)" (See, also, *Jerzewski* v. *Erie R. R. Co.*, 215 App. Div. 748; affd., 242 N. Y. 592.)

The cases invoked by the respondent (*Barry* v. *N. Y. C. & H. R. R. R. Co.*, 92 N. Y. 289, and *Byrne* v. *N. Y. C. & H. R. R. R. Co.*, 104 id. 362) have no application, since they were decided prior to the enactment of section 83 of the Railroad Law (*supra*) in its present form. *Lamphear* v. *N. Y. C. & H. R. R. R. Co.* (194 N. Y. 172), decided on the authority of the two last above cited cases, is not controlling, for the reason that it was decided irrespective of the statute and involved the conceded consent of the defendant railroad company to the public use of the path across its right of way at the point where the plaintiff's intestate was killed and the corollary that the defendant owed reasonable care to protect those whom it permitted on its property. The case was tried on that theory, as the opinion states, thus establishing the law of the case.

In any event, on the record made by the plaintiff in the instant case it appears that provision was made for foot passengers to cross the defendant's right-of-way one block to the north and one block to the south of the point where plaintiff's intestate attempted to cross. Between those points it maintained signs, warning against trespassing, and wire fences on both sides of the right-of-way. Plaintiff's further proof is that the fences, however, were torn

down from time to time, by those wishing to cross at that point, as rapidly as they were constructed by the defendant. Moreover, there was no affirmative act of negligence on the part of the defendant.

TOMPKINS, J., concurs.

Judgment reversed on the law and a new trial granted, with costs to appellant to abide the event.