MARIO ZAMBARDI, JR., an Infant under the Age of Fourteen Years, by MARIO ZAMBARDI, SR., His Guardian ad Litem, and MARIO ZAMBARDI, SR., Respondents, v. SOUTH BROOKLYN RAILWAY COMPANY, Appellant.— In an action brought to recover for personal injuries sustained by the infant plaintiff while he was crossing the defendant's right of way at a place which was not a public crossing, and, because of defendant's alleged negligence, was struck by a trolley car of the defendant operated thereon, judgment in favor of plaintiffs against defendant, entered upon

the verdict of a jury, reversed on the law, with costs, and complaint dismissed, with costs. As matter of law the infant plaintiff was a trespasser upon the defendant's right of way (Railroad Law, § 83; Penal Law, § 1990) within the purview of the rulings in *Keller* v. *Erie Railroad Co.* (183 N. Y. 67, 71); *Jerzewski* v. *Erie Railroad Co.* (215 App. Div. 748; affd., 242 N. Y. 592), and *Gleason* v. *Central N. E. Ry. Co.* (261 id. 333). No willful or wanton negligence on defendant's part was shown and, therefore, plaintiff failed to establish a cause of action. Neither *Lamphear* v. *N. Y. C. & H. R. R. R. Co.* (194 N. Y. 172) nor *Skzypek* v. *Long Island Railroad Co.* (245 App. Div. 309; 249 id. 629; affd., 275 N. Y. 508) is in conflict with this doctrine. In the *Lamphear* case (*supra*, p. 174) a concession of fact was the basis of the determination, namely, that for years the public " with the acquiescence and with the permission and consent of the railroad company " had been crossing its tracks at the point where the accident happened; and that at some time the railroad company had even installed turnstiles to facilitate crossing, which act implied an invitation to cross, and there was " a conceded right of way or public passageway." Further, in that case the only question submitted to the jury in the liability phase related to the reasonable care of the company in giving suitable warning. By reason of the concession, the question of trespass was eliminated from that case. The *Skzypek* case (*supra*, p. 310) is in the same category as the *Lamphear* case as its facts were " practically the same." The evidence in the case at bar establishes as a matter of law that as to the place where the infant plaintiff was injured there was no invitation to the public on the part of the defendant to cross. Carswell, Johnston, Adel and Taylor, JJ., concur; Lazansky, P. J., concurs in the reversal of the judgment, but dissents as to the dismissal of the complaint and votes to grant a new trial, with the following memorandum: The accident in which infant plaintiff lost his right leg happened on defendant's right of way, running north and south, at a place at or near a so-called " street " named Avenue Y. This avenue was neither graded, paved, nor opened as a highway. Several months before the accident defendant erected a fence several feet high on the east side of the right of way the full width of said Avenue Y. In behalf of plaintiffs it was asserted that the infant was crossing from the west side, where there was no fence, to the east side. Plaintiffs' case rests upon the claim that there was a well-defined pathway from one side of the right of way to the other, used frequently by the public for a period variously estimated to be from five to fourteen years. The location of the pathway which was used by infant plaintiff has not been definitely and clearly shown. The court indicated to the jury that the claimed pathway was where Avenue Y would be if it were cut through; in other words, between a line drawn from the southerly end of the fence across the right of way to the westerly side of the right of way and a line drawn from the northerly end of the fence across the right of way to the westerly side of the right of way. If the accident happened between those confines — and that is the theory upon which it was presented to the jury — then there may be no recovery. The existence of the fence on the east side plainly negatives an invitation to the public to cross at the place thus described. Likewise, if the pathway ran from a point on the westerly side between the two lines above described, going in a southeasterly direction to a place south of the southerly line of the fence, for the same reason there could be no recovery. There is testimony, however, that there was a well-defined pathway, used by the public for years,

running from a place on the east side of the right of way, south of the fence, to a place on the west side of the right of way further south, as shown in plaintiffs' Exhibit 2, and that the infant plaintiff was struck while walking on that pathway. Had the case been submitted to the jury upon that basis and had the jury found for the plaintiff a recovery would have been justified, for then there would have existed a public crossing with the acquiescence of defendant. Persons using it would not have been trespassers and, as to them, the defendant would have owed a duty to use reasonable care in the operation of its cars — surely to refrain from affirmative negligent acts. (*Barry* v. *N. Y. C. & H. R. R. R. Co.*, 92 N. Y. 289; *Byrne* v. *N. Y. C. & H. R. R. R. Co.*, 102 id. 362; approved in *Lamphear* v. *N. Y. C. & H. R. R. R. Co.*, 194 id. 172, and by GRAY, J., and two other judges and, in effect, by Cullen, Ch. J., in *Keller* v. *Erie Railroad Co.*, 183 id. 67.) The only question raised in the case concerns the right of recovery in view of the fact that the accident happened in defendant's right of way and of a possible violation of section 83 of the Railroad Law and section 1990 of the Penal Law. The theory upon which the cause was presented to the jury calls for a new trial.