■ ROBERT FITZSIMMONS, JR., an Infant, by ROBERT FITZSIMMONS, SR., His Parent, et al., Respondents, v. STATE OF NEW YORK AT STONYBROOK et al., Appellants. (Claim No. 52207.) — Appeal from a judgment in favor of claimants, entered July 26, 1972, upon a decision of the Court of Claims. This is a personal injury claim brought on behalf of an infant claimant and a derivative claim brought by his father. The accident in question occurred on the campus of the State University of New York at Stonybrook on December 21, 1969 at about 7:15 P.M. The infant claimant, aged 17, his older brother and two other young men went to the campus to play basketball in the gymnasium. None were students at the University. After parking their car in a prescribed parking lot, the claimant proceeded toward the gymnasium which is to the north of the lot. Claimant, according to the testimony, cut across a grassy area instead of following the paved roadway and came in contact with a one-half inch plastic coated steel cable strung in an east-west direction about four feet off the ground. A concrete curb formed the boundary of the parking lot and the cable was situated approximately two feet to the north thereof on the grassy area. While it was dark, there was some illumination in the area. Concededly, the claimant sustained severe injuries. The trial court found claimant was a licensee; that the State was negligent and claimant was free from contributory negligence. The State, in urging reversal on this appeal, disagrees with each of these findings and maintains that claimant was a tres-

passer who was guilty of contributory negligence and that the State was free from negligence. In order to resolve this controversy it is first necessary to determine claimant's status. The record reveals that claimant, his brother and other boys had visited the campus under similar circumstances on eight or nine occasions since September of 1969 up to the time of the accident. Each time they arrived by car at the main gate, stopped, and then proceeded to the parking lot. On some occasions there was a guard at the gate and on others there was not. It was always on a Sunday. They played basketball in the gymnasium, used the locker room to change their clothes and took showers afterwards. While they were not students and did not have a pass, no one ever refused them admission. A licensee is one who enters the premises for his own benefit without invitation, but with permission, express or implied, of the owner or person in possession. (46 N. Y. Jur., Premises Liability, § 58; 3 Warren's Negligence, Licensees, § 1.) On the instant record there is ample evidence to justify a conclusion that the State acquiesced in claimant's use of the gymnasium and this constituted implied permission. (*Vaughan* v. *Transit Development Co.*, 222 N. Y. 79.) The trial court, therefore, properly determined that claimant was a licensee. We turn next to the duty owed by the State to claimant as a licensee. The law is well established that a licensee is entitled to be warned of any danger known to the landowner which is not known to the licensee and which the licensee could not be expected to perceive in time to avoid being injured. (*Brzostowski* v. *Coca Cola Bottling Co.*, 16 A D 2d 196.) There is no proof in the record that claimant was actually aware of the existence of the cable. It was dark and claimant's brother testified that he did not see the cable until he was within two feet from it. This testimony is corroborated by claimant's exhibit 6 (photograph). By its very nature, the cable would be difficult to see under ordinary circumstances. It was an artificial condition created by the State and one which was not reasonably to be anticipated by claimant. Under all of the circumstances, it is fair to assume that claimant was not aware of it and could not reasonably be expected to have perceived it. The State was, therefore, under a duty to give claimant a reasonable warning of this hidden danger. (*Skzypek* v. *Long Island R. R. Co.*, 245 App. Div. 309.) The cable was strung only a few feet from the parking lot. The State should have known of the propensities of students and others to take short cuts and that they do not always follow a prescribed path to a particular destination. (*Mayer* v. *Temple Props.*, 307 N. Y. 559, 563.) The direct consequences of failure to warn the infant licensee of the presence of the strung steel cable, especially at night when it was barely visible, were clearly forseeable. The failure to so warn claimant constituted negligence as found by the trial court. There is ample evidence in the record to sustain its finding. Finally, as to contributory negligence, it is significant that we are dealing with an infant who is required to use only that degree of care which one of his own age, experience and intelligence is required to use under similar circumstances. This again was a factual issue (*Rodford* v. *Sample*, 30 A D 2d 588) and there is ample evidence to sustain the court's finding. Judgment affirmed, with costs. Herlihy, P. J., Staley, Jr., Sweeney and Kane, JJ., concur; Reynolds, J., dissents and votes to reverse in the following memorandum. Reynolds, J. (dissenting). I cannot concur with the decision for affirmance in this case and vote to reverse and dismiss the claim. This claimant was obviously a trespasser. He came on these premises without invitation or permission. At the entrance to the university was a large, legible, conspicuous sign directing that all visitors were required to have passes and that information concerning the same could be obtained at the gatehouse ahead. No one was to enter with-

out permission. Although these young men allege that they had been there and used the facilities of the gymnasium on several occasions, they had never even stopped at this gatehouse. Moreover, there is not a scintilla of evidence in the record that anyone at the State University ever knew that they had been there at anytime (see, 3 Warren's Negligence, § 1.02, p. 241): "Acquiescence in a course of action may amount to permission. Continued use of property without objection on the part of the owner may thus indicate permission. *This, however, obviously must be coupled with knowledge on the part of the owner that the person is so upon his premises.*" (Emphasis added.) Yet the holding is that claimant had attained an implied invitation to use the premises because he had been there before, and that there had been an acquiescence by such use. Such a holding has no logical or legal basis on this record. From the rambling dissertation by the trial court as to the status of the claimant when he was on the premises, one gleans the following: that the trial court states and believes that there should be no difference between the status of an invitee, licensee or trespasser or the duty owed to them and essentially if someone is hurt on the premises his function is to assess damages. Eventually he states that he is constrained to follow New York State Law, and then proceeds to find that whether claimant is a licensee or a trespasser that he is entitled to recover. His approach gives little confidence in the result he reached. I suggest that under no facts in this case could he have arrived at a State acquiescence in claimant's use of the gymnasium and consequent implied permission, therefore, he could not be found to be a licensee. Nor could he find from the facts that the curb or cable surrounding the parking lot was a "trap" or constituted an intentional or wanton act. On the contrary it would appear to be reasonable use of one's premises. Such a finding under these facts is a marked extension of the law and in reality is a brushing aside of the applicable law and merely an assessment of damages. Moreover, even assuming, *arguendo*, that this 17-year-old claimant was a licensee, despite the adequate, posted notice that he was trespassing, I cannot find any breach of any duty owed to him by the State. The happening of an accident alone is not grounds for holding the State liable. The State is no different than a private individual and is not an insurer (*Boyce Motor Lines* v. *State of New York*, 280 App. Div. 693, 696, affd. 306 N. Y. 801). It is the well established law in this State that the duty owed by a property owner to a mere licensee is "only to avoid wanton or reckless conduct and to warn of traps or hidden dangers" (*Finklé* v. *Zimmerman*, 26 A D 2d 179, 181). The majority, as the trial court, finds that the curb or cable into which the claimant ran amounted to a "trap" or a "hidden danger" of which claimant was not adequately warned. The record, however, reveals that the curb was apparent. The half-inch cable was plastic coated; that there was suspended at each interval between the upright posts a four-foot, bright yellow board; that the parking lot area was well lighted (there were seven lights in the general area and two double lights in the parking area, each light had a thousand watt bulb in it); that the curb and the cable were not on the regularly traveled, paved access route to the gymnasium door but in a grassy area bordered by the curb; that it had been installed over a year before the accident with no other incidents of record and there was uncontradicted expert testimony that it was properly installed and maintained to demark a "No Parking — Loading Zone" area. To find that this curb and this cable with its protection of lights and signs is a trap is to open the floodgates to such a finding in many legitimate uses of one's premises. I thus fail to find a hidden danger much less a trap. Despite this state of the record, the majority would find negligence on the part of the

State because the State should have realized that "students and others * * * do not always follow a prescribed path to a particular destination." Such reasoning is not in line with the stated duty owed to a bare licensee and casts a burden on the property owner far beyond that which is necessary to provide protection to the reasonable licensee. We are not here concerned with a student who would be an invitee. As Judge Breitel cautioned in his dissent in *Patterson* v. *Proctor Paint & Varnish Co.* (21 N Y 2d 447, 453–454): "a balance of convenience must be struck between the risk of injury to others who misconduct themselves and the reasonable use of one's premises. Only if an unreasonable risk of injury to children outweighs the utility to the occupant does liability arise (Restatement, 2d, Torts, § 339, subd. [d], Comment *n*)." Where, as here, a readily available and safe access route is provided, it is not reasonable to assume that other devious routes will be taken particularly into less lighted areas. The holding here would lead to the conclusion that a college or university must assume that all types of errant actions of persons on the premises must be expected even if safe routes of access are provided. Additionally, claimant was clearly guilty of contributory negligence thus precluding any recovery. It is obvious from what is known of how the accident transpired that claimant must have been running, and running very fast, when he hit the curb or cable. And he was either running into a darkened area which obviously is not prudent and reasonable (*Dunn* v. *White Plains Housing Auth.*, 8 A D 2d 839, affd. 7 N Y 2d 944; see, also, *Halstead* v. *Kennedy Valve Mfg. Co.*, 36 A D 2d 1005, affd. 31 N Y 2d 901; 1 Shearman & Redfield, Negligence, § 131, p. 321) or he should have seen the cable and the curb and safely avoided them (*McFarlane* v. *City of Niagara Falls*, 247 N. Y. 340; *Whalen* v. *Citizens' Gas Light Co.*, 151 N. Y. 70). Either way claimant's actions on the instant record cannot under any circumstances be characterized as other than unreasonable and imprudent. Moreover, claimant knew the area; there is, as noted, testimony that he had been there eight to ten times before, and thus presumably knew the safe method of approach to the gymnasium and yet decided to dart across the lawn. Choosing such a "short cut" instead of the safe methods of ingress provided by the appellant was clearly contributory negligence (*Lyon* v. *Socony-Vacuum Oil Co.*, 268 App. Div. 788, affd. 293 N. Y. 930; see, also, 1 Shearman & Redfield, Negligence, § 131, p. 321). It is quite astonishing to find a holding on the facts here involved that the State should have perceived that it had created a "hidden danger" or "trap" and yet that the claimant should not have perceived any danger in his deviation from the established route. Finally, while tender age may excuse certain conduct not sanctioned for those older in years (for example all the infants in the cases cited by Judge Bergan in his majority statement in *Patterson* v. *Proctor Paint & Varnish Co.*, *supra*, were under 12 and most from eight to ten) an infant must still establish his freedom from contributory negligence (*Gloshinsky* v. *Bergen Milk Transp. Co.*, 279 N. Y. 54; *Harrow* v. *State of New York*, 21 A D 2d 571, affd. 17 N Y 2d 619) and we are here talking of a youth then 17 years of age. I cannot accept the position that the conduct here involved should be considered as acceptable and reasonable for an individual of such an age. Accordingly, I vote to reverse and dismiss the claim.