MARILEE MERRIMAN, Individually and as Mother and Natural Guardian of CHRISTINE CARRICO, an Infant, et al., Respondents-Appellants, *v.* GEORGE P. BAKER et al., as Trustees of the Property of Penn Central Transportation Company, Appellants-Respondents.

Fourth Department, October 31, 1973.

*Harris, Beach & Wilcox* (*William L. Dorr* of counsel), for appellants-respondents.

*Carl W. Dengel* for respondents-appellants.

CARDAMONE, J. On March 10, 1971, the 20-year-old infant plaintiff, Christine Carrico, while walking on the abandoned passenger platform of the defendant, Penn Central Transportation Company in Auburn, New York, slipped and fell beneath the wheels of a passing train, losing both of her legs below the knee. From a jury verdict awarding her $175,000 and $25,000 to her mother for medical expenses and loss of her daughter's services, the railroad has appealed, claiming that the action is barred by section 83 of the Railroad Law.

That statute provides, in pertinent part, that " no person other than those * * * employed upon the railroad shall walk upon or along its track or tracks, except where * * * laid across * * * streets * * * in which case he shall not walk upon the track unless necessary to cross the same." The defendant railroad's argument that it owed no duty to plaintiff as a trespasser (see, e.g., *Kline* v. *Long Is. R. R. Co.,* 13 N Y 2d 773; *Keller* v. *Erie R. R. Co.,* 183 N. Y. 67; *Wolf* v. *Smith,* 39 A D 2d 926, affd. 32 N Y 2d 724) rests upon a misplaced interpretation of section 83 of the Railroad Law. As the Court of Appeals has pointed out, section 83 forbids persons (other than employees of the railroad) to walk upon or along its tracks and no matter how frequently repeated or how long such conduct continues a public way cannot be created along the tracks even with the railroad's acquiescence, since such conduct is expressly barred by the statute. The railroad is not prohibited, however, from inviting or permitting the public to cross its tracks and it may become a way open to public use, binding the railroad to exercise reasonable care to protect the safety of the public (*Zambardi* v. *South Brooklyn Ry. Co.,* 281 N. Y. 516; *Lamphear* v. *New York Cent. R. R. Co.,* 194 N. Y. 172) and to prevent injury to those who traverse those portions of the railroad's premises permitted to become a public passageway (*Danna* v. *Staten Is. R. T. Co.,* 252 App. Div. 776, affd. 277 N. Y. 714). Whether such acquiescence exists and is so long continued as to create a public way by invitation is a question of fact for the jury (*Zambardi* v. *South Brooklyn Ry. Co., supra,* p. 524).

The facts in this record are essentially uncontroverted. The railroad platform, adjacent and parallel to the railroad's tracks, upon which plaintiff was walking immediately before the accident, is approximately 20 feet wide, 200 feet long, and partially covered by an over-hanging canopy. It was covered on March

10, 1971 with an accumulation of snow and ice 18 inches deep. There was a footpath through the snow made by others who had used the platform about two feet from and parallel to the platform's edge. Several witnesses who lived in the immediate vicinity testified that for as long as they could remember the public had used the platform as a "shortcut" from the town to the residences on the other side. By failing to introduce any proof to the contrary, the railroad permitted the inference to be drawn that it had no evidence to negate its acquiescence in the use of its station platform by the public (*Laffin* v. *Ryan*, 4 A D 2d 21).

We recognize that most of the cited cases involve plaintiffs who were either walking along or on the tracks themselves, in which cases their actions were barred by the statute, or plaintiffs who were crossing the tracks, in which cases the railroad has been held liable if it acquiesced in permitting a public way to be created. The plaintiff in the case before us was walking on a station platform maintained, until abandoned, by the railroad expressly for the public to walk upon. We do not believe that plaintiff's claim against the railroad should be barred by statutory language which, reasonably construed, only prohibits the public from walking " upon or along its tracks ", which are designed exclusively for use by the defendant's trains. Again it must be emphasized that the plaintiff was walking, not upon or along the tracks, but upon a station platform constructed for the very purpose for which plaintiff was using it.

Further support for our conclusion that the railroad should be held to a standard of reasonable care where the facts reveal that the inhabitants of a town have constantly and persistently intruded upon and used a portion of a railroad's property adjacent and parallel to its tracks as a means of reaching their homes, is found in the writings of some of the leading scholars in the area of torts. (See, e.g., Restatement, Torts 2d, § 334, Comment *b*, Illustration 3.; Harper and James, Law of Torts, § 27.3, p. 1437; Prosser, Law of Torts [4th ed.; 1971], § 58, pp. 360–361; 6B Warren's Negligence, § 3.03[3], p. 788.)

With respect to the issues of negligence and contributory negligence, it is not determinative on the former that these station facilities may have been abandoned by the railroad some time before the happening of this accident (*Skzypek* v. *Long Is. R. R. Co.*, 245 App. Div. 309, 249 App. Div. 629, affd. 275 N. Y. 508). The record is devoid of any act by the defendant, even to the extent of posting a sign, to warn the public to " keep off " the subject premises. The undisputed evidence, and on this issue the plaintiff is of course entitled to every favorable

inference, is that the station platform was unlighted, unfenced, unposted and unshoveled. We cannot conclude that the jury's verdict was against the weight of the evidence on the issue of defendant's negligence. Turning to the latter issue of contributory negligence, the plaintiff had a duty to protect herself from injury (1 Warren's Negligence, Contributory Negligence, § 1, p. 418) and from known and realized danger (*Underhill* v. *Major,* 220 App. Div. 173, affd. 247 N. Y. 525). The resolution of this issue is exclusively within the province of the jury and we see no reason to interfere with their conclusion on the facts in this case.

We conclude, therefore, that the judgment should be affirmed.

MARSH, J. (dissenting). Section 83 of the Railroad Law makes it clear that anyone walking upon, or along, the tracks of a railroad, except when necessary to cross the same upon some street, highway or public place, violates the law and is a trespasser and the railroad is under no other obligation than to refrain from wilfully or recklessly injuring him (*Gleason* v. *Central New England Ry. Co.,* 261 N. Y. 333; *Keller* v. *Erie R. R. Co.,* 183 N. Y. 67). While the courts have held that a person who crosses the tracks of a railroad at a point where the railroad company has permitted continued, open and notorious use, thereby acquiescing in and consenting to the crossing by the public, is not a trespasser and is entitled to a reasonable degree of care for his protection (*Skzypek* v. *Long Is. R. R. Co.,* 245 App. Div. 309, 249 App. Div. 629, affd. 275 N. Y. 508; *Zambardi* v. *South Brooklyn Ry. Co.,* 281 N. Y. 516), they have very significantly distinguished between the obligation owed persons using such crossings of tracks at a public way and those persons walking along the tracks. As pointed out by Judge LEHMAN in *Zambardi* v. *South Brooklyn Ry. Co.* (*supra,* pp. 522–523): "The distinction which the court has drawn is this: For the protection of the traveling public, as well as the railroad companies, the State has forbidden persons other than employees of the railroad companies to walk ' upon or along its track or tracks, except where the same shall be laid across or along streets or highways, in which case he shall not walk upon the track unless necessary to cross the same.' (Railroad Law, § 83.) Violation of the statute is made a penal offense (Penal Law, § 1990), and, however frequently repeated or long continued, cannot create a public way, which the public may lawfully use, *along* its tracks. Even an invitation by the railroad company to the public to violate the Penal Law cannot make such violation lawful or confer upon the wrongdoer the private rights

which, under such invitation, an innocent wayfarer would enjoy. On the other hand, the law, under a reasonable construction, does not prohibit the railroad company from inviting or permitting the public to *cross* the railroad tracks from side to side at a point which is not in strict sense a public street or highway, but which, through such invitation or permission, becomes a way open to public use, where the railroad is bound to exercise reasonable care to protect the safety of the public.''

The evidence establishes that the concrete platform on which plaintiff was walking, taking a shortcut home along defendants' tracks and where she fell and was struck by the train had been abandoned for station use by the railroad and had not served that purpose for over 10 years. The language of the statute makes irrelevant whether infant plaintiff was walking along the tracks on a cindered area, wooden planking or a concrete platform. Unfortunate as were the results of the injuries sustained, I feel that we are constrained by the statute and authorities cited to reverse on the law the judgment against the defendants and dismiss the complaint.

DEL VECCHIO, J. P., and SIMONS, J., concur with CARDAMONE, J.; MARSH, J., dissents and votes to reverse the judgment and dismiss the complaint, in an opinion, in which MOULE, J., concurs.

Judgment affirmed, with costs to plaintiffs.